IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA T. MCCARTY,

        Defendant/Petitioner,        Case No. 3:08 CR 409

-vs-

                                    MEMORANDUM OPINION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent.

KATZ, J.

**I. Background**

Petitioner Joshua T. McCarty was sentenced to forty-six months after pleading guilty to stealing two historical books–The Freeman Code and The Maxwell Code–from the Rutherford B. Hayes Presidential Center, a violation of 18 U.S.C. § 668(b) and § 2. The Sixth Circuit affirmed McCarty's sentence on direct appeal, 628 F.3d 284 (2010), but declined to adjudicate McCarty's claims regarding alleged ineffective assistance on the part of the public defender as unripe. *Id*. at 295-96. McCarty now brings the instant 28 U.S.C. § 2255 motion through new counsel, seeking to vacate, set aside, or correct his sentence on grounds of ineffective assistance. After review, the Court finds no credence in McCarty's positions and therefore denies the motion. The Court further denies a Certificate of Appelability. *See* R. GOVERNING 2255 PROCEEDINGS 11(a).

**II. Ineffective Assistance**

McCarty divides his ineffective assistance claims into three groups: (1) before entering plea, (2) at sentencing, (3) McCarty's confession was coerced and his plea was therefore involuntary and unknowing. None of McCarty's arguments are persuasive.

First, counsel's failure to secure a plea agreement does not amount to ineffective assistance in this case, as "plea offers are discretionary and [the Government] was not required to extend one or keep an offer open." *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009). Further, despite counsel's failure to wait for the arrival of McCarty's mental health records before entering a plea, the crime's volitional element was clearly demonstrated by McCarty's actions. Moreover, McCarty's statement that he had not seen a doctor or taken any medications for six years negated the records' evidentiary usefulness in determining McCarty's mental state.[1]

Second, counsel did not render ineffective assistance by failing to request a continuance when the Government argued for a two-level enhancement (engaging in a pattern of misconduct involving cultural resources) that did not appear in the presentence report. McCarty's forty-six month sentence would fall within the Guidelines whether or not the Court applied the enhancement.

Third, McCarty's plea was not coerced, involuntary, unknowing, or unintelligent due to counsel's purported failure to investigate and develop McCarty's mental health history, nor did counsel's argument at sentencing create a FED. R. CRIM. P. 11 issue. On direct appeal the Sixth Circuit found that this Court "adequately assuaged its concerns about McCarty's competence to plead by discussing the issue with McCarty and defense counsel," *McCarty*, 628 F.3d at 294-95, 294 n.1.

**III. Certificate of Appealability**

---

[1] McCarty suffers from schizoaffective disorder–bipolar type, obsessive-compulsive disorder, post-traumatic stress disorder, and borderline personality disorder.

The issuance of a Certificate of Appealability is not a matter of right. Under 28 U.S.C. § 2253(c), such certificate may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." *Id*; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484 (6th Cir. 2001). In the instant matter, the Court finds that McCarty has not made such a showing and therefore denies a Certificate of Appealability.

**IV. Conclusion**

For the reasons stated herein, McCarty's Section 2255 motion to vacate, set aside, or correct sentence is denied. Further ordered that a Certificate of Appealability from this decision is denied.

IT IS SO ORDERED.

             S/ *David A. Katz*
             DAVID A. KATZ
             U. S. DISTRICT JUDGE